IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY SHROYER-KING,<br><br>Plaintiff,<br><br>v.<br><br>MOM-N-POPS, LLC, RICE'S FOUNTAIN LOUNGE, INC., JESSE BATES, SUSAN BATES and JUSTIN BATES,<br><br>Defendants. | Civil Action No. 20-1558 |

## **OPINION**

Presently pending before the Court is a Motion to Dismiss the Amended Complaint filed on behalf of Defendants, Mom-N-Pops LLC and Rice's Fountain Lounge Inc., as well as Jesse Bates, Susan Bates, and Justin Bates ("Individual Defendants") (ECF No. 18). The matter has been fully briefed and is ripe for disposition. For the reasons stated herein, the motion will be granted in part and denied in part.

## I. Background

Plaintiff Tracey Shroyer-King sues her former employer and its alleged joint owners and/or managers arising out of incidents leading up to and including her termination as a server and cook.

The allegations in the Amended Complaint are as follows. Defendant Rice's Fountain Lounge, Inc. operates as "Mom N Pops," a registered fictitious name, and is located in Markleysburg, Pennsylvania. Defendants Jesse Bates and Susan Bates, husband and wife, and Justin Bates, are the joint owners and/or managers of the Mom N Pop's Café (the "Café"), as

1

well as other businesses, including a rental business and a garage business, and these businesses are operated with management, employees, equipment and resources used interchangeably between all of them.

Plaintiff became a tenant of the property and began working at the Café on February 1, 2018.  Plaintiff alleges she was promised by Defendants a pay rate of $5.00 per hour plus tips, but they did not properly withhold required payroll taxes, did not report her earnings to the Pennsylvania Department of Labor and Industry, did not ensure that she earned at least the minimum wage of $7.25 per hour, and did not pay her time-and-a-half overtime for hours worked in excess of forty per week. She further alleges Defendants, without her permission, unlawfully deducted large amounts from each pay alleging she owed them money for rent, utilities and expenses arising out of the landlord-tenant relationship.

As to the sexual harassment allegations, Plaintiff alleges Justin Bates frequently made crude sexual jokes to her and propositioned her for sex, and that he and other employees including Jesse Bates frequently commented about her body and made vulgar sexual comments and threats.   She was afraid she would be sexually attacked.  It is further alleged Susan Bates made similarly inappropriate, sex-related comments.  Plaintiff alleges that on April 7, 2019, she was sexually assaulted by Justin Bates, of which Susan Bates was aware, commenting "yeah, you liked it." Plaintiff filed a police report as to Justin Bates' sexual assault.  Susan Bates then called her a liar, and a week later, on April 14, 2019, she was terminated and told she would be evicted.

In her Amended Complaint (ECF No. 16), Plaintiff alleges: 1) at Count I, unpaid overtime in violation of the Fair Labor Standard Act of 1938 ("FLSA"); 2) at Count II, sexual

harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq*.; 3) at Count III, violations of the Pennsylvania Minimum Wage Act of 2006 ("PWMA") and the Pennsylvania Wage Payment Collection Law of 1961 ("WPCL"); 4) at Count IV, sexual harassment and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA") 43 Pa.S. § 955 *et seq* ; 5) at Count V, common law claim of battery against Justin Bates, individually; and 5) at Count VI, intentional infliction of emotional distress against Justin Bates, individually.   Plaintiff seeks damages for her lost wages, front pay, liquidated damages, compensatory damages and punitive damages, as well as court costs, attorney fees, and prejudgment and continuing interest.

Defendants move to dismiss all Counts I-IV and VI in the Amended Complaint. Defendants claim that Shroyer-King failed to establish in her pleadings that Defendants employ a sufficient number of individuals to be subject to the provisions of Title VII, seek dismissal of certain claims asserting individual liability against individual defendants, and challenge the timeliness and pleading sufficiency of claims under Federal Rule of Civil Procedure 12(b)(6). Individual Defendants also seek dismissal of certain claims for punitive damages.

## II.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).   In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).   While a complaint does

not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*  (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. Discussion

#### A.  Count I:  Fair Labor Standards Act

##### 1.  FLSA allegations

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69

4

(2013). It mandates that employers "pay one and one-half times the employe[e]'s regular wage for hours worked in excess of forty hours per week[.]" *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014); 29 U.S.C. § 207(a). If an employer fails to compensate its employee for working overtime, the employee can recover under the FLSA if he "prove[s] that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis,* 765 F.3d at 241 (citations omitted).

In *Davis*, the United States Court of Appeals for the Third Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Id.* at 242 (alteration in original) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). The employee need not "identify the exact dates and times that she worked overtime." *Id.* at 243. "[A] plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice."   (emphasis in original).

We find that accepting as true all well-pled factual allegations in the complaint and viewing them in a light most favorable to the Plaintiff she has alleged a claim under the FLSA. She has alleged, inter alia, that "[o]ften she worked extra hours during a forty-hour work week period. She was not compensated for extra hours beyond forty hours that she worked during one or more of those forty-hour weeks wherein she was employed by Defendants." Amended Complaint ¶ 35. She also alleges that she was misclassified as an independent contractor.

5

Amended Complaint ¶ 36.

Accordingly, the motion to dismiss is denied to the extent Defendants argue Plaintiff has failed to allege a claim under the FLSA.

### 2. Individual Defendants

Defendants argue that the FLSA claims should be dismissed as to the individual defendants. "The FLSA imposes individual liability on 'any person acting directly or indirectly in the interest of an employer in relation to an employee." *Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 153 (3d Cir. 2014) (quoting 29 U.S.C. § 203(d) of the FLSA). "A company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *Id.* Liability exists when the individual exercises "supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation while acting in the employer's interest." *Id*. (quoting *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir.2012)). An individual has supervisory authority "when the supervisor independently exercises control over the work situation." *Id.* Again, the "focus is on 'the totality of the circumstances rather than on the technical concepts of the employment relationship.'" *Id.* at 154 (quoting *Haybarger,* 667 F.3d at 418).

"When determining whether someone is an employer under the FLSA, 'the economic reality rather than the technical concepts is to be the test of employment.' Under this theory, the FLSA defines employer 'expansively,' and with 'striking breadth.' The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" *Thompson*, 748 F.3d at 148 (quoting *In re*

*Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 467–68 (3d Cir.2012)

Here, plaintiff has sufficiently alleged enough facts in support of her claim that the Individual Defendants are her employers. She alleges that all defendants jointly own, operate and/or manage the business known as Mom N Pop's Café, and that Individual Defendants exercised control over significant aspects of the company's day-to-day functions, including compensation of employees. Am. Comp. ¶¶ 7, 13, 33, and 67. At this stage of the litigation, the claims may proceed to discovery.

    3.   Retaliation and Punitive Damages

The main challenge to Plaintiff's FLSA claim arises out of her request for punitive damages. In *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 816 (E.D. Pa. 2015) the court held that punitive damages are only available under the FLSA where there has been an allegation of retaliation by the employer. "One court in this District found that punitive damages are available for a retaliation claim under the FLSA." *Id.,* citing *Marrow v. Allstate Sec. & Investigative Servs., Inc.,* 167 F.Supp.2d 838 (E.D. Pa. 2001) (holding punitive damages available for retaliatory claim under FLSA). Here, however, Plaintiff does not allege retaliation.[1] The Amended Complaint does not allege that she complained about not being paid overtime

---

[1] The FLSA forbids employers from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). To set forth a prima facie case of FLSA retaliation, a plaintiff must prove that she (1) "engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Jones v. Amerihealth Caritas,* 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015) (quoting *Scholly v. JMK Plastering, Inc.*, No. 07–4998, 2008 WL 2579729, at *3 (E.D. Pa. June 25, 2008)). "

prior to her termination, or any other facts which would support a claim that there may be a causal link between her termination and her reporting of an alleged violation of the FLSA.

Therefore, the motion to dismiss will be granted as to the claim for punitive damages under the FLSA.

### B. Count II:   Title VII

#### 1. Number of employees

Defendants argue Plaintiff's Title VII claims should be dismissed because she has failed to plead that her employer has met the fifteen employee threshold for the statutory definition of "employer" under Title VII.   42 U.S.C. § 2000e; *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003).

Plaintiff avers:

> 45. Here, Defendants together constitute an employer within the meaning of Title VII. Cumulatively, between their multiple businesses in the Commonwealth of Pennsylvania, Defendants collectively employee more than fifteen individuals.

Am. Compl. ¶ 45.   While the allegations in this regard are less than thorough, the Court rejects this argument as a basis for dismissal of the Amended Complaint. The Court will, if asked, address the question of whether the defendants, collectively or otherwise, are an employer within the scope of Title VII at the summary judgment stage. *See Christaldi-Smith v. JDJ, Inc.*, 367 F.Supp.2d 756, 762 (E.D. Pa. 2005) (citing *Nesbit*, 347 F.3d at 83) (withholding judgment on whether defendant met fifteen-employee threshold until summary judgment stage to "allo[w] the plaintiff an opportunity for discovery in order to test the defendants' proofs."). It is well-settled that Title VII's "fifteen or more employee threshold requirement [is] not jurisdictional; rather, it is a 'substantive element (whether an 'employer' exists) of a Title VII claim.'" *Carr v. Borough*

8

*of Elizabeth,* 121 Fed. App'x. 459, 460 (3d Cir. 2005) (quoting *Nesbit*, 347 F.3d at 83). Thus, in determining whether an employer meets the fifteen or more employee requirement, the court does not apply "a Rule 12(b)(1) standard, which allows a tribunal to inquire into the facts without viewing the evidence in the light most favorable to the nonmoving party." *Id.* (citing *Nesbit*, 347 F.3d at 76–77). Instead, this issue must be resolved under the summary judgment standard. *Id.; accord Nesbit*, 347 F.3d at 84 ("the District Court ... should have resolved the issue under the summary judgment standard rather than as a motion for judgment on the pleadings.").

Alleging that defendant is a Title VII employer is an assertion of fact that is sufficient for pleading, and Plaintiff has adequately averred that defendant was an employer pursuant to Title VII. Defendants' motion to dismiss on this ground will be denied without prejudice to renew the same arguments if appropriate at summary judgment.

### 2.  Liability of Individual Defendants

Next, the Individual Defendants argue that the claims under Title VII must be dismissed because the statute does not impose individual liability. We agree. *Dici v. Com. of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996); *Sheridan v. E.I. DuPont de Nemours and Company*, 100 F.3d 1061, 1077 (3d Cir. 1996) (the Third Circuit held that individual employees cannot be held liable under Title VII in their individual capacities).

Accordingly, the motion to dismiss will be granted with respect to any claim of individual liability at Count II.

**C. Count III:   Pennsylvania Minimum Wage Act and Wage Payment and Collection    Law**

As to Count III, Defendants argue that the FLSA and PMWA include similarly expansive definitions of "employer" and thus, the analysis for whether an individual constitutes an

"employer" is the same under the PMWA as under the FLSA, discussed previously. (ECF No. 19 at 11). We agree. Accordingly, for the reasons cited *supra* with respect to the FLSA, we find that Plaintiff has adequately alleged a violation of the PMWA and that the Individual Defendants, at this juncture, meet the statutory definition of "employer" sufficient to allow her to proceed to the discovery phase of this litigation.

Next, we address the claim for punitive damages under the PMWA and WPCL.[2] Again Plaintiff responds to the argument for dismissal by stating such matters are premature and should be considered after discovery, at the motion for summary judgment stage of the litigation. In *Bertolino v. Controls Link, Inc.,* No. CIV.A. 14-720, 2014 WL 5148159, at *5 (W.D. Pa. Oct. 14, 2014), the court denied the motion to dismiss in this regard, noting that "[p]laintiff has alleged that Defendant systematically falsified his employment/time records to evade payment obligations to him under Federal and/or State law. Therefore, the Court will not conclude at this stage that the allegations do not raise a "right to relief above the speculative level" or a "reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Plaintiff has alleged that "Defendants engaged in the above violations willfully and without any good faith excuse for their conduct" Am. Compl.¶ 71. She has also alleged that in addition to failing to pay her overtime, "[e]ven more egregiously, Defendants deducted large amounts from each pay period (many times consuming the entire amount of the pay due to

---

[2] The Pennsylvania Wage Payment and Collection Law ("PWPCL"), codified in 43 P.S. § 260.1 et seq., "provides a vehicle through which an[ ] employee may collect wages owed to him or her from a delinquent employer." *Gallaher v. Goldsmith*, 213 F. Supp. 2d 496, 498 (E.D. Pa. 2002). The Law defines "employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth...." § 260.2a. Plaintiff's allegations meet this definition.

Shroyer-King), alleging that Shroyer-King owed them money for rent, utilities, or other expenses to them as their landlords." Am. Compl. ¶ 16. At this stage of the litigation, this is sufficiently outrageous conduct to plausibly state a claim for punitive damages, under the case law as cited by the parties.

Accordingly, the motion to dismiss the claims for punitive damages as to Count III will be denied.

### D. Count IV: PHRA

#### 1. Liability of Individual Defendants

Defendants argue that Plaintiff's claims under the PHRA should be dismissed, like the Title VII claim, because those statutes do not impose liability on individual defendants. We note that in *Thourot v. Monroe Career & Technical Institute,* Civil No. 14-1779, 2016 WL 6082238 (M.D. Pa. Oct. 2016), the court found that as with Title VII, the defendant individual employees could not be sued in their official capacity under the PHRA. Yet unlike Title VII, the PHRA provides for individual liability in cases where a person aids and abets discriminatory acts. Under the PHRA, it is unlawful for "any person ... to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." 43 P.S. § 955(e). Plaintiff has alleged sufficient facts to support the aiding and abetting of the Individual Defendants under the PHRA. Am. Compl. ¶¶ 92-94.

Accordingly, Defendants' motion to dismiss will be denied in this regard.

#### 2. Statute of Limitations

Defendants further argue that Plaintiff's Amended Complaint is lacking in specificity as to the dates of the alleged conduct, and thus, she is time barred because she did not file an

administrative complaint within the 180 days after the discriminatory act, citing *Woodson v. Scott Paper Co.*, 109 F. 3d 913, 925 (3d Cir. 1997). According to Defendants, any of Plaintiff's claims under the PHRA for events which occurred before November 1, 2018 are barred by the statute of limitations. However, Shroyer-King asserts in paragraphs 17 and 50 of her Amended Complaint that she was subjected to severe and pervasive sexual harassment "throughout her employment." The parties are entitled to further discovery as to the dates of the alleged unlawful and continuing hostile work environment and conduct, and certain episodes may very well be barred by the statute of limitations. This is best left for another day, upon consideration of a full record. Regardless, the sexual assault is alleged to have occurred on April 7, 2019, and her termination was April 14, 2019. She timely filed with the PHRA on April 29, 2019.

Hence, the motion to dismiss Count IV on the grounds of untimeliness is denied.

### 3. Punitive Damages

Defendants next move to dismiss or strike Plaintiffs' requests for punitive damages at Count IV. In response to this argument, Plaintiff argues that it would be premature to address damages at the motion to dismiss phase and prior to the parties engaging in discovery.

Because the Third Circuit and the Commonwealth of Pennsylvania have in fact held that punitive damages are unavailable under the PHRA, Defendants' Motion shall be granted in that regard and Plaintiff's demand for punitive damages shall be stricken. *See Snyder v. Bazargani*, 241 F. App'x 20, 23 (3d Cir.2007) ("We are mindful of the fact that punitive damages are not available under the PHRA."); *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 751 (1998) (assessing legislative intent behind the PHRA and determining punitive damages are not

12

available under same).

### E. Count V:   Battery

Defendant Justin Bates, the sole defendant named at Count V, does not move to dismiss Count V, which alleges battery under Pennsylvania law.

### F. Count VI:   Intentional Infliction of Emotional Distress

Defendant Justin Bates, the only defendant named at Count VI, moves to dismiss Count VI, which alleges intentional infliction of emotional distress, arguing that the Amended Complaint does not allege the necessary level of outrageousness or severe emotional distress. To trigger liability for intentional infliction of emotional distress, "(1) the conduct [of the defendant] must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; [and] (4) the distress must be severe." *Smith v. RB Distribution, Inc.*, 515 F. Supp. 3d 311, 315 (E.D. Pa. 2021), quoting *Hoy v. Angelone*, 456 Pa. Super. 596, 691 A.2d 476, 482 (1997), *aff'd* 554 Pa. 134, 720 A.2d 745 (1998). Extreme and outrageous conduct constitutes behavior "beyond all possible bounds of decency," "atrocious," and "utterly intolerable in a civilized community." *Id.* at 151 (citing Restatement (Second) of Torts § 46, cmt. d (1965)).

Plaintiff has alleged that Defendant Justin Bates "struck Shroyer-King on the buttocks with so much force that it lifted her from the floor and crushed her breasts against the sink" and also "groped her crotch and squeezed it viciously hard while he lifted her up in the air and dropped her." Am. Compl. ¶ 21. At the conclusion of this attack, she alleges he stated to Shroyer-King: "you know you liked it." Am. Compl. ¶ 22. Shroyer-King experienced breast, arm, and crotch pain, her bra was broken open, and she discovered blood in her underwear as a

13

result of Defendant Justin Bates' conduct. Am. Compl. ¶ 24. She alleges severe emotional distress because she was "violated and embarrassed by the conduct." Am. Complaint ¶ 105. The incident is alleged to have caused her to feel "unsafe, harmed, and embarrassed by this vile behavior," so much so that she contacted the police in order to report the battery to authorities. Am. Compl. ¶ 105-06.

We find that the facts alleged in support of the intentional infliction of emotional distress state a claim to relief that is plausible, and therefore, the motion to dismiss will be denied as to Count VI.

**IV.   Conclusion**

For the reasons stated herein, the Motion to Dismiss will be granted in part and denied in part. It is granted with respect to a claim for punitive damages under the FLSA, liability of the Individual Defendants as to the Title VII claim, and punitive damages under the PHRA.

An appropriate order will be entered.

Dated:   November 1, 2021

                                                     s/*Robert J. Colville*
                                                     Robert J. Colville
                                                     United States District Judge

CC/ECF:     Counsel of record